J-S22022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHAD ALI IBRAHIM :
:
Appellant : No. 30 MDA 2020

Appeal from the PCRA Order Entered November 27, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0008008-2015

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2020**

Rashad Ali Ibrahim (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court determined that Appellant's petition, filed on July 23, 2019, was untimely.  Appellant concedes the untimeliness, but presents the following question on appeal:

> Did the PCRA court error by dismissing Appellant's first PCRA petition as untimely where Appellant pled and proved a timeliness exception?

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's Brief at 4.[1]

It is well-settled that in reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. **See Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. **Id.** "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **See Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

Pennsylvania law is unequivocal that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

---

[1] Pa.R.Crim.P. 904 provides for the appointment of counsel on a first PCRA petition. Here, Appellant elected to proceed *pro se* in his direct appeal, after being afforded a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). **See Commonwealth v. Ibrahim**, 450 MDA 2107 (Pa. Super. Apr. 18, 2018) (unpublished memorandum). After Appellant filed his *pro se* PCRA petition on July 23, 2019, the court appointed counsel, who ultimately filed a **Turner**/**Finley** "no merit" letter and petition for leave to withdraw as counsel. The PCRA court granted counsel's request to withdraw from representation on November 22, 2019.

>    (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
>    (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>    (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)). Instantly, we are without jurisdiction to decide Appellant's appeal unless he

_____

[2] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." **Id.**

pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See Derrickson**, 923 A.2d at 468.

Appellant claims "governmental interference" and "newly discovered facts" to qualify for an exception to the PCRA time-bar prescribed in 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii). **See** Appellant's Brief at 10. Relevant to this claim, a jury found that Appellant set fire to his ex-girlfriend's residence. **See Commonwealth v. Ibrahim**, 450 MDA 2107 (Pa. Super. Apr. 18, 2018) (unpublished memorandum) at *1-2. The jury convicted Appellant of arson and related crimes, and on January 30, 2017, the trial court sentenced Appellant to two to four years in prison. **Id.** Appellant asserts that he is entitled to post-conviction relief because he did not receive a copy of the fire report until February 21, 2019. **See** Appellant's Brief at 11. Appellant argues that the Commonwealth failed to disclose a "complete copy" of the report indicating the cause of the fire was "undetermined," in contravention of **Brady v. Maryland**. **Id.** at 11-12; **see also Brady v. Maryland**, 373 U.S. 83 (1963) (holding that a defendant's right to due process is violated when the prosecution withholds evidence favorable to the accused). Appellant references his counsel's **Turner**/**Finley** letter[3], correctly noting that his

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel "could not determine if the report itself was disclosed." Appellant's Brief at 11, n.1; *see also Turner/Finley* Letter, 10/24/19, at 6.[4] Appellant states:

> Without evidence that the fire was determined an arson, would the police have had probable cause to arrest Appellant? Or was the falsification of documents (affidavit of probable cause) necessary for the prosecution to bring charges, or else, Appellant could not have been charged with arson?

Appellant's Brief at 14.

Upon review, we find no merit to Appellant's claim of government interference and newly-discovered evidence. To meet the requirements of the governmental interference exception to the PCRA's time-bar, Appellant was required to plead and prove that his "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States...." 42 Pa.C.S.A. § 9545(b)(1)(i). *See Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006). With regard to newly-discovered evidence, our Supreme Court has explained:

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270–

---

[4] Counsel wrote: "While I could not determine if the report itself was disclosed, the information known in the report certainly was known and disclosed." *Turner/Finley* Letter, 10/24/19, at 6.

72 (2007). We have unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." ***Commonwealth v. Abu–Jamal***, 596 Pa. 219, 941 A.2d 1263, 1268 (2008). Rather, **the exception only requires a petitioner to "prove that the facts were unknown to him** and that he exercised due diligence in discovering those facts." ***Bennett***, 930 A.2d at 1270; ***see also Commonwealth v. Breakiron***, 566 Pa. 323, 781 A.2d 94, 98 (2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (emphasis added).

Appellant argues that he did not learn until February 21, 2019 about the fire report, which would have led to "a reasonable probability of a different [trial] outcome." Appellant's Brief at 11. The record does not support Appellant's argument.

As footnoted above, Appellant's PCRA counsel advised Appellant:

Generally, if a report of this nature had not been known to [Appellant] prior to or at the time of trial, it would constitute newly discovered evidence. However, **while I could not determine if the report itself was disclosed, the information in the report certainly was known and disclosed**. Through his testimony at trial, [Fire] Captain Zienkiewicz testified that he was unable to determine the cause of the fire.

***Turner***/***Finley*** Letter, 10/24/19, at 6 (emphasis added).

Likewise, the PCRA court cited Captain Zienkiewicz's trial testimony that he "labeled the cause of the fire 'undetermined.'" PCRA Court Opinion, 11/27/19, at 11 (citing N.T., 11/9/16, at 222-24). The PCRA court confirmed that the indeterminate cause of the fire was "disclosed and presented at trial." ***Id.*** The court continued:

> Even if the fire report constitutes newly-discovered evidence, the Commonwealth sustained its burden of proof beyond a reasonable doubt by means of **ample circumstantial evidence**. The Superior Court, on April 18, 2018, affirmed [the] judgment of sentence and found the Commonwealth sustained its burden of proof beyond a reasonable doubt for a conviction of arson[].

*Id.* at 11-12 (emphasis in original). In deciding Appellant's direct appeal, this Court concluded, "although no one actually saw [Appellant] start the fire, the jury heard ample circumstantial evidence . . . that [Appellant] intended to start the fire. The jury found this evidence sufficient, and we will not substitute our judgment for theirs." *Commonwealth v. Ibrahim*, 450 MDA 2017 at 8.

We have reviewed the record and our sufficiency of the evidence analysis in *Ibrahim*, *supra*. This Court concluded that the evidence — which included the fire captain's statement that the cause of the fire was undermined — was "amply" sufficient to support Appellant's convictions. *See id.; see also Commonwealth v. O'Bidos*, 849 A.2d 243, 253 (Pa. Super. 2004) (law of the case doctrine applied to preclude Superior Court from revisiting issue of whether sufficient evidence supported conviction).

For the above reasons, we find no merit to Appellant's claim of government interference and newly discovered evidence to qualify for an exception to the PCRA's time-bar. We therefore affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/08/2020